UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEROY MIMS | : | PRISONER |
| *Plaintiff,* | : | CIVIL NO. 3:02CV250 (MRK) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF CORRECTIONS, ET AL., *Defendants*. | : | |
| | : | FEBRUARY 11, 2004 |

## ANSWER AND DEFENSES

The defendants answer plaintiff's <u>pro se</u> Amended Complaint, filed July 31, 2002 as follows:

1.  Plaintiff's Amended Complaint is barred, in large part, by the Statute of Limitations. See accompanying Motion to Dismiss, and Memorandum in Support thereof.

As to **Section A - Parties**:

2.  Paragraph 1 is denied. Plaintiff is incarcerated at MacDougall/Walker CI on the date of this Answer and he has been since March 31, 2003.

3.  Paragraphs 2, 3 and 4 are denied, except it is admitted that John Armstrong is the former Commissioner of the Department of Correction (DOC), that Fred Levesque is the Director of Offender Classification and Population Management for the DOC, and that Lynn Milling is the Interstate Compact Administrator for the DOC. Any and all allegations of wrongdoing are denied. At all times relevant to the complaint the defendants acted in an objectively lawful manner, in good faith within the scope of their employment and without

knowledge they were in violation of any clearly established rights of the plaintiff, and thus they are entitled to qualified immunity.

    As to **Section B, Jurisdiction**.

4. Paragraph B.1 and B. 2, Jurisdiction is denied.

5. As to the attached narrative <u>pro se</u> "Statement of Facts, dated July 25, 2002, paragraphs 1,2,3,4,5,6,7,and 8 at pages 1-3, and 3+, are denied, except it is admitted that plaintiff discharged from the custody of the Commissioner of DOC, time served, on May 29, 1998, and was thereafter readmitted to the Hartford Correctional Center pursuant to a mittimus, on June 25, 1998. These claims from 1995 through 1998 are time barred by the statute of limitations.

6. As to the second "Statement of Facts" on pages 4, 4+, 5, 5+, 6, 6+, and any and all related pages, paragraphs 1, 2 (3-8 are omitted), 9, 10, 11, 12, 13, 14, 15, and any and all allegations of wrongdoing are denied. It is admitted that plaintiff was transferred to Wallens Ridge State Prison in Virginia on November 9, 1999, and was transferred back to the Connecticut DOC and readmitted to Northern CI on August 6, 2001.

7. Sections C, D, E, F and G, including all subparagraphs, are denied.

8. Plaintiff's claims for injunctive and declaratory relief are moot. Plaintiff's claims for money damages are barred because, inter alia, he has no injury, and further they are barred by qualified immunity.

### **FIRST AFFIRMATIVE DEFENSE**

    The action is barred by the Statute of Limitations

**SECOND AFFIRMATIVE DEFENSE**

This action is barred for lack of any personal injury under the PLRA (Prison Litigation Reform Act.)

**THIRD AFFIRMATIVE DEFENSE**

The defendants lack the requisite personal involvement under 42 U.S.C. § 1983 and respondeat superior is not available.

**FOURTH AFFIRMATIVE DEFENSE**

Under the PLRA, prisoners are required to exhaust administrative remedies as a prerequisite for an action under 42 U.S.C. § 1983, and thus this action is barred for failure to exhaust.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent this action seeks money damages from the defendants in their official capacities it is barred by the Eleventh Amendment to the United States Constitution. Additionally the Department of Correction is not a person under 42 U.S.C. § 1983, and thus the Department should be dismissed as a defendant.

**SIXTH AFFIRMATIVE DEFENSE**

At all times relevant to the complaint the defendants acted in an objectively lawful manner, in good faith within the scope of their employment and without knowledge they were in violation of any clearly established rights of the plaintiff, and thus they are entitled to qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

The complaint fails to state a claim for which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

The claims raised in the plaintiff's complaint are barred by res judicata, collateral estoppel, and/or are moot.

## NINTH AFFIRMATIVE DEFENSE

Any injury or harm, if any, was caused solely by plaintiff's own acts, omissions, or conduct and was not due to any wrongful conduct by the defendants.

                    DEFENDANTS
                    John Armstrong, et al.

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL

                    BY:_____
                    Steven R. Strom
                    Assistant Attorney General
                    110 Sherman Street
                    Hartford, CT 06105
                    Tel.: (860) 808-5450
                    Fax: (860) 808-5591
                    E-Mail: steven.strom@po.state.ct.us
                    Federal Bar #ct01211

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following this _____ day of February, 2004:

Leroy Mims, # 93506
MacDougall/Walker Correctional Institution
1153 East St. So.
Suffield, CT 06080

                    _____
                    Steven R. Strom
                    Assistant Attorney General